UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY BENNETT,

                       Plaintiff,

      v.                                                     9:17-CV-0150
                                                           (MAD/DEP)

LUCY DAWES,

                       Defendant.
_____

APPEARANCES:

ANTHONY BENNETT
C-54176
Plaintiff, Pro Se
CNY PC
P.O. Box 300
Marcy, NY 13403

MAE A. D'AGOSTINO
United States District Judge

# DECISION AND ORDER

Plaintiff Anthony Bennett commenced this action pro se by filing a pleading which he referred to as a "Bill in Equity". Dkt. No. 1. Plaintiff, who is civilly confined at the Central New York Psychiatric Center ("CNYPC"), also filed an application to proceed in forma pauperis. Dkt. No. 6 ("IFP Application"). Plaintiff filed a subsequent submission entitled "Amended Complaint to a Bill in Equity". Dkt. No. 9. In light of plaintiff's pro se status, his amended pleading was liberally construed to be an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] The operative pleading is the amended complaint. Dkt. No. 9 ("Am. Compl."). By Decision and Order filed on May 26, 2017, plaintiff's IFP Application

---

[1] In light of plaintiff's pro se status, the Court is required to read his submissions "to raise the strongest arguments they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

was granted but following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 was dismissed with prejudice; the Court directed service of the amended complaint on Lucy Dawes with respect to plaintiff's Fourteenth Amendment due process claim; all of the remaining claims were dismissed without prejudice; and Jacob Lew and Deborah McCulloch were dismissed as defendants without prejudice. Dkt. No. 14 (the "May 2017 Order").

Presently before the Court is plaintiff's submission entitled "Order to Show Cause/Discovery". Dkt. No. 13. In part, plaintiff requests that this action be filed with "the proper heading of 'Article-III district court of the United States'" and that the Court show cause why this action cannot "be placed on the proper side of the court which is the private side." *Id.* at 2. Plaintiff's submission also requests appointment of counsel, contains a demand for a jury trial, and seeks discovery. *Id.* at 2-3, 10.

First, plaintiff argues that the Clerk's Office staff had "no authority to take it upon themselves to change [plaintiff's] filing . . . which was a Bill in equity concerning trust business; not a 1983 civil action in the Public Sector." Dkt. No. 13 at 2. Plaintiff asks the Court to "show cause as to why [plaintiff] can not have [his] case placed on the Private side of the court with the Article-III heading and a proper hearing in chambers with [plaintiff] present." *Id.* at 3; *see also* Dkt. No. 16 at 5 (asking the Court to "correct this displayed foolishness and put everything on its proper side"). As plaintiff was advised in the May 2017 Order, and in a previous habeas corpus proceeding that he filed in this District:

> Although petitioner demands to proceed in "equity" as a "private citizen" in the "Chancery Division" of the Court, no such proceeding exists. The Federal Rules of Civil Procedure, in effect since 1938, "abolished the distinction

2

> between actions at law and suits in equity[.]" Fed. R. Civ. P. 1, Advisory Committee Notes. The Rules specify that there is "one form of action - the civil action." Fed. R. Civ. P. 2; *Russo v. Hickenlooper*, No. 1:15-CV-1740, 2016 WL 67568 at *3 (D. Colo. Jan. 6, 2016). "In other words, it no longer matters whether the action would have been considered one in equity or in law" prior to the enactment the Federal Rules of Civil Procedure because those rules "apply to all actions filed in the United States District Courts[.]" *Dickinson v. Granade*, No. 1:16-CV-0153, 2016 WL 3647181 at *7 (S.D. Ala. Jun. 1, 2016), *adopted by* 2016 WL 3637093 (S.D. Ala. Jun. 30, 2016).

May 2017 Order at 13 (citing *Bennett v. McCulloch*, No. 9:16-CV-1437 (BKS/DJS), Dkt. No. 9 at 6). Accordingly, the Court denies plaintiff's request that the "proper heading" be placed on this action and that the Court show cause why this action should not "be placed on the proper side of the court which is the private side." If plaintiff does not want this action to proceed further as a Section 1983 action, he may submit a written motion to voluntarily dismiss this action.[2]

Second, plaintiff requests appointment of counsel. Dkt. No. 13 at 2 ("requesting a Solicitor of the court be assigned to [him] as counsel for this Bill filed in equity"). In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, at *1

---

[2] If plaintiff submits such a motion, and it is granted, the Clerk of the Court will be directed to close this action.

3

(S.D.N.Y. Sep. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. *Id.*

This action was only recently commenced. The defendant has not been served or responded to the allegations in the amended complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's amended complaint wherein he states the facts surrounding his claim. Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, the party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Plaintiff's motion for appointment of counsel is denied without prejudice. After the defendant has responded to the allegations in the amended complaint, plaintiff may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.

Third, plaintiff's submission is liberally construed as containing a written demand for a jury trial pursuant to Rule 38 of the Federal Rule of Civil Procedure. Dkt. No. 13 at 3. Rule 38(b) states that "[on] any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). "'[T]he last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally, that pleading is an answer, or, with respect to a counterclaim, a reply." *McCarthy*

*v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990). Because defendant has not answered the amended complaint, the fourteen days set forth in Fed. R. Civ. P. 38(b) have not started to run. *See Windsurfing Int'l, Inc. v. Ostermann*, 534 F. Supp. 581, 585-86 (S.D.N.Y. 1982). Therefore, in response to plaintiff's request that the Court note plaintiff's demand for a jury trial, the Clerk of the Court will be directed to note plaintiff's demand for a jury trial on the docket report.[3]

Fourth, plaintiff's request for discovery (Dkt. No. 13 at 10) is denied as premature as the defendant has not been served or appeared in this action. If and when defendant has submitted an answer to plaintiff's amended complaint, the Court will issue a Mandatory Pretrial Discovery and Scheduling Order outlining the terms of discovery and requiring the parties to provide certain mandatory disclosure. Once plaintiff receives mandatory disclosure, prior to serving additional discovery, he should review the disclosure thoroughly to determine whether the disclosure might in fact satisfy all of plaintiff's discovery needs. If, after reviewing the mandatory disclosure, plaintiff still wishes to conduct additional discovery, plaintiff is advised that discovery is conducted directly between the parties. Plaintiff may refer to the Federal Rules of Civil Procedure, Rule 26 *et seq.*, for guidance in drafting and serving discovery requests.

Finally, the Court has reviewed the remainder of plaintiff's submission and finds that it presents no basis for judicial relief. Therefore, plaintiff's submission is denied in all other

---

[3] Plaintiff will only be entitled to a trial by jury if this action survives any dispositive motion which might be filed.

5

respects.[4]

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's request that this action be given the "proper heading" and that the Court show cause why the action should not "be placed on the proper side of the court which is the private side" (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 13) is **DENIED** without prejudice; and it is further

**ORDERED** that in response to plaintiff's written demand (Dkt. No. 13), the Clerk shall note plaintiff's demand for a jury trial on the docket report; and it is further

**ORDERED** that plaintiff's request for discovery (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion (Dkt. No. 13) is **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: June 2, 2017
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge

---

[4] For example, plaintiff requests "true and correct" copies of the oaths of office for the undersigned, for the Magistrate Judge assigned to this action, and for one of the deputy clerks for this District, along with a "surety, performance bond and/or blanket bond" to "indemnify" plaintiff. Dkt. No. 13 at 7.